UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WESLEY SHANE AUSTIN**                               **CIVIL ACTION**

**VERSUS**                                                        **NO. 19-11361**

**ROBERT TANNER, ET AL.**                            **SECTION D (5)**

## ORDER AND REASONS

The Court has considered *de novo* the Motion to Dismiss,[1] the Motion for Summary Judgment,[2] and the Motion to Stay Discovery[3] filed by Defendants Robert Tanner, Dr. Robert Cleveland, Beverly Kelly, and Lesley Wheat (collectively, "Defendants").[4] Plaintiff Wesley Shane Austin opposes the Motion to Dismiss[5] and the Motion to Stay Discovery,[6] and opposed the Motion for Summary Judgment three months after it was filed.[7]

The Court has also received the Report and Recommendation of the United States Magistrate Judge[8] as well as Plaintiff's Objection to the Report and Recommendation.[9]

---

[1] R. Doc. 17.
[2] R. Doc. 51.
[3] R. Doc. 53.
[4] The Court notes that a second summons to a separate defendant, Charles Barkermeyer, was returned as unexecuted (R. Doc. 40).
[5] R. Docs. 21, 24.
[6] R. Doc. 56.
[7] R. Doc. 65. The Court notes that Plaintiff, in his Objections to the Magistrate Judge's Report and Recommendation, asserted that his opposition was not untimely as it was filed within 30 days of the Defendants complying with a Court order. While not entirely clear, it appears that Plaintiff is averring that he filed his opposition within 30 days of receiving his medical records. *See* R. Doc. 67. In light of Plaintiff's pro se status, this Court has considered Plaintiff's Opposition and exhibits to the Motion for Summary Judgment (R. Doc. 65).
[8] R. Doc. 66.
[9] R. Doc. 67.

Plaintiff's two-page Objection to the Report and Recommendation was received on March 16, 2022.[10] Plaintiff objects only to the "findings, conclusions, and recommendations regarding Defendant Robert Cleveland."[11] Plaintiff reiterates his previously asserted claim that Dr. Cleveland was deliberately indifferent and refused to treat him despite his previous complaints of pain.[12] Indeed, several of the objections are simply restatements of the issues raised in his Complaint.[13] Plaintiff argues that Dr. Cleveland only treated him after legal proceedings were initiated and that he refused to treat Plaintiff for his injured right shoulder, knee, and hip, all of which he claims show deliberate indifference.[14]

Plaintiff also argues that the Report and Recommendation (described by Plaintiff as the "Court" but presumed to reference the Magistrate Judge's Report and Recommendation) improperly concluded that an MRI of Plaintiff's spine was not necessary "because the x-ray findings were normal."[15] Plaintiff reiterates his complaints of pain in his shoulder as well as chronic sinus problems and states that he has either not received adequate treatment or did not receive treatment until recently.[16] Finally, Plaintiff contends that he cannot disagree with a medical opinion or treatment plan that does not exist.[17]

---

[10] *Id.* Plaintiff had fourteen days in which to file objections to the Magistrate Judge's Report and Recommendation. *See* R. Doc. 66; *see also* 28 U.S.C. § 636(b)(1). Objections were therefore due on or before March 11, 2022. In light of Plaintiff's *pro se* status, the Court will consider Plaintiff's objections filed past the deadline.
[11] *Id.*
[12] *Id.*
[13] *Compare,* for example, objections #7 and #8 to Complaint, R. Doc. 1-1, ¶¶ 74-77.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

The Court notes that Plaintiff's Objection to the Report and Recommendation is limited to Dr. Cleveland and largely reiterates the same arguments presented in Plaintiff's Complaint and Opposition to Defendants' Motion for Summary Judgment. Plaintiff has failed to provide new or additional evidence that Dr. Cleveland refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs at any time. As detailed in the Report and Recommendation, Plaintiff has received extensive medical treatment from Dr. Cleveland and other prison health officials, including numerous visits to Dr. Cleveland and other health officials, MRI's, x-rays, follow up sick calls, and prescriptions.[18]

The Court also notes that the Report and Recommendation does not conclude that an MRI of Plaintiff's l-spine was not necessary "because the x-ray findings were normal," but rather details the treatment Plaintiff received from Dr. Cleveland, including visits to Dr. Cleveland, tests, prescriptions, x-rays, and follow up sick calls.[19] Accordingly, Plaintiff's allegations regarding the treatment of his spine are no more than a disagreement with his medical treatment.

Finally, Plaintiff's repeated complaints of shoulder pain and sinus problems are moot as Plaintiff has received medical treatment regarding these health issues as detailed in the Report and Recommendation and as admitted by Plaintiff himself.[20]

---

[18] *See* R. Doc. 66.
[19] *See* R. Doc. 66 at p. 11.
[20] *See* R. Doc. 66.; *see also* R. Doc. 67 (describing referral to an E.N.T. specialist for sinus issues who ordered surgery after the first examination).

Accordingly, for the reasons above, Plaintiff's Objections to the Report and Recommendation are **OVERRULED**.

Further, the Court approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. In doing so, the Court notes that it has conducted a *de novo* review of the pleadings, construing Austin's *pro se* pleadings liberally.[21]

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment[22] is **GRANTED** and Plaintiff's claims against Robert Tanner, Dr. Robert Cleveland, Beverly Kelly, and Lesley Wheat are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (R. Doc. 17) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 53) is **DENIED AS MOOT**.

New Orleans, Louisiana, March 18, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[21] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).
[22] R. Doc. 51.